JUAN A. FARÍA, Plaintiff and Appellant, *v.* JUAN NEGRÓN ET ALS., Defendants and Appellees.

No. 7781.  Argued April 11, 1939.—Decided June 2, 1939.

*Pedro M. Porrata* for appellant.  *Ramón A. Gadea* for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

This is a suit in unlawful detainer at sufferance. Plaintiff filed this appeal against a judgment wherein the complaint was dismissed and costs and $100 as attorney's fees were awarded to defendant.

Besides the facts common to cases of this nature, it is alleged in the complaint that plaintiff acquired a farm of three *cuerdas* and 80 centimes situated in the ward Sabanetas of Ponce, along with a wooden house, by purchase from Mario

18

Mercado Montalvo, as appears from public deed No. 29 executed on July 3, 1939, and that defendants are in possession without any title.

Defendants answered and denied that they had sold said farm and alleged to the contrary that on July 3, 1934 (*sic*) they borrowed $1,000 from Mario Mercado Montalvo with interest at 9 per cent, for one year, renewable for one more year, and that to insure the payment of said loan they executed a mortgage in the form of a sale with right of redemption on the farm, not including the house, that they have never sold said property, although this appears to be so from deed No. 17, executed on May 11, 1934, by them in favor of Mario Mercado Montalvo. The rest of the allegations of the answer are the usual ones in these cases.

The principal basis of the judgment appealed from was that in this case ". . . there are questions of law involved which are more or less controvertible, since defendants allege that they did not agree to an absolute sale but to a mortgage for $1,000 in the form of a sale with right of redemption, that this was the contract with Mario Mercado Montalvo (from whom plaintiff Faría traces his alleged title), and said allegation is not entirely devoid of proof."

Appellant assigns two errors in his brief, both of which can be discussed jointly, for in both it is alleged that the lower court erred in holding that there was a conflict of titles.

■■ Appellant's documentary evidence consisted of the two deeds of sale which we have mentioned in summarizing the facts, by virtue of which defendants sold to Mario Mercado on May 11, 1934, and he to plaintiff on July 3, 1935. The oral evidence consisted of the testimony of Pedro M. Porrata before whom both deeds were executed and who was the attorney for plaintiff. Defendants offered no documentary evidence. They limited themselves to denying plaintiff's title by the testimony of Juan Negrón and Petra García. In these circumstances there is no conflict of titles, in our opinion. The conflict of titles, which cannot be decided in

an action for unlawful detainer, arises when defendant bases his allegations on a distinct and independent title from that of plaintiff, and not upon the nullity of the latter's title. Even the mere allegation of an independent title in the defendant is not sufficient; enough proof to sustain said allegation is necessary for a court to legally hold that unlawful detainer will not lie, because as this Court said in *Brunet* v. *Court* 45 P.R.R. 871,874: ". . . plaintiff's rights should not be subject to be defeated by a mere claim of title which is not supported by the evidence . . ."; and in *Lafontaine et al.* v. *Lafontaine et al.*, 30 P.R.R. 184: ". . . But we have never held that a mere claim of title without more would defeat the possessory action of a complainant." In the case of *Marrero* v. *Plumey,* 35 P.R.R. 930, 931, the case of *Lafontaine, supra,* is cited with approval, and the following is said:

"We feel bound to agree with the appellee, and hence with the court, that the mere assertion of an independent title and some proof tending to prove the assertion will not defeat an unlawful detainer suit and make the complainant resort to an action of revendication. We have held otherwise in *Lafontaine* v. *Lafontaine,* 30 P.R.R. 184. If the court does not believe the evidence submitted the defendant can not be said to have furnished the beginnings of a title to which the jurisprudence refers. As appellee intimates, if the proposition contended for were true, the unlawful detainer Act in many cases would be entirely abortive."

Does the evidence of defendants comply with the precedents cited? It does not. According to the deed of sale No. 17, executed on May 11, 1934, by Juan Negrón and his wife Petra García in favor of Mario Mercado Montalvo, the former sold to the latter the farm herein involved for the sum of $1,000.00, which they received upon execution of the deed. According to deed of sale No. 29, executed on July 3, 1935, by Mario Mercado Montalvo in favor of plaintiff Juan Antonio Faría, he purchased said farm for the amount of $1,000.00 which the vendor received in the presence of the notary. Against this evidence defendants Juan Negrón and

Petra García offered their own testimony to set up in themselves a title which is nothing less than a collateral attack upon deed No. 17 supra, alleging that the agreement was to execute a mortgage in the form of a sale with right of redemption and not a sale of the property. Neither is this evidence sufficient to destroy plaintiff's title according to the decisions we have examined, nor, even if it were, would the allegation be sufficient to stop the possessory action filed, since the defendants would be basing their allegations on the nullity of plaintiff's title, and not on a distinct and independent title in themselves. And we see no way in which a title which is the font and origin of plaintiff's title can be distinct and independent.

"Therefore, all the rights which defendants Pimentel had to the house in question passed to the plaintiff in this case by reason of the sale made in the execution of the judgment. From the moment when the sale was made the right of the defendants to continue occupying the house ceased and the right of the plaintiff to enjoy fully his acquired ownership thereof began. Therefore there is no conflict of titles. The title of the plaintiff has its origin in the title of the defendants. When the marshal made the sale he sold him the house in the name and representation of Ortiz Perichi and defendants Pimentel." *Delgado* v. *Pimentel*, 20 P.R.R. 521, 524.

For the foregoing reasons and without considering others discussed by the parties in their briefs, the judgment appealed from is reversed and defendants ordered ejected from the property described in the complaint.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison dissented.